

FILED
12/29/2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: SYNGENTA AG MIR162
CORN LITIGATION                                                              MDL No. 2591

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in an action in the Northern District of Illinois move under 28 U.S.C. § 1407 to centralize pretrial proceedings in the Northern District of Illinois. These cases concern the Syngenta defendants'[1] decision to commercialize corn seeds containing a genetically modified trait, known as "MIR162," that reportedly controls certain insects. Corn with this trait has entered U.S. corn stocks but has not been approved for import by the Chinese government, which has imposed a complete ban on U.S. corn with this trait. Plaintiffs' motion includes the nine actions in eight districts listed on Schedule A. Since plaintiffs filed this motion, the parties have notified the Panel of the filing of 168 potentially related actions in various districts.[2]

No party opposes centralization. Defendants suggest that the litigation be centralized in the District of Minnesota. Numerous plaintiffs have responded to the motion, variously suggesting centralization in the following districts: the District of Kansas, the Central, Northern, and Southern Districts of Illinois, the Northern and Southern Districts of Iowa, the District of Minnesota, and the Eastern District of Missouri.

After considering the argument of counsel, we find that the actions in this litigation involve common questions of fact, and that centralization in the District of Kansas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs are corn growers and a grain exporter who suffered economic losses resulting from China's refusal to accept MIR162 corn. All actions involve common factual questions regarding Syngenta's decision to commercialize the MIR162 genetically modified corn trait in the absence of Chinese approval to import corn with that trait. As with past litigation involving allegedly improper dissemination of genetically

---

[*] Judge Charles R. Breyer did not participate in the decision of this matter.

[1] Syngenta Corp., Syngenta Crop Protection, LLC, and Syngenta Seeds, Inc. (collectively Syngenta).

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

-2-

modified crops,[3] centralization will eliminate duplicative discovery; avoid inconsistent pretrial rulings, particularly on class certification; and conserve the resources of the parties, their counsel and the judiciary.

Although these cases could be centralized in any number of the suggested transferee districts, we are persuaded that the District of Kansas is an appropriate transferee district for this litigation. One action and three pending potential tag-along actions already are pending in this readily accessible district. By assigning this litigation to Judge John W. Lungstrum, we select a transferee judge who is well-versed in the nuances of complex, multidistrict litigation. We are confident that Judge Lungstrum will steer this controversy on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside of the District of Kansas are transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable John W. Lungstrum for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Lewis A. Kaplan
Ellen Segal Huvelle        R. David Proctor
Catherine D. Perry

U.S. DISTRICT COURT) ss
DISTRICT OF KANSAS)
I hereby certify that
the foregoing is a true copy
of the original on file in
this court and cause
TIMOTHY M. O'BRIEN, Clerk
By:_____
Deputy
Dated: 12-29-14

---

[3] See In re: Starlink Corn Prods. Liab. Litig., 152 F. Supp. 2d 1378 (J.P.M.L. 2001); In re: Genetically Modified Rice Litig., 543 F. Supp. 2d 1375 (J.P.M.L. 2008); and In re: Monsanto Co. Genetically-Engineered Wheat Litig., 978 F. Supp. 2d 1373 (J.P.M.L. 2013).

IN RE: SYNGENTA AG MIR162
CORN LITIGATION                                                                         MDL No. 2591

### SCHEDULE A

<u>Eastern District of Arkansas</u>

STRACENER FARMING COMPANY, ET AL. v. SYNGENTA AG, ET AL.,
   C.A. No. 4:14-00558

<u>Central District of Illinois</u>

TRANS COASTAL SUPPLY COMPANY, INC. v. SYNGENTA AG, ET AL.,
   C.A. No. 2:14-02221
HADDEN FARMS, INC. v. SYNGENTA CORPORATION, ET AL.,
   C.A. No. 3:14-03302

<u>Northern District of Illinois</u>

MUNSON BROTHERS FARM, ET AL. v. SYNGENTA CORPORATION, ET AL.,
   C.A. No. 1:14-07806

<u>Southern District of Illinois</u>

BRIGGS, ET AL. v. SYNGENTA SEEDS, INC., ET AL., C.A. No. 3:14-01072

<u>Northern District of Iowa</u>

CRONIN, INC., ET AL. v. SYNGENTA CORPORATION ET AL, C.A. No. 5:14-04084

<u>District of Kansas</u>

MOLL v. SYNGENTA CORPORATION, ET AL., C.A. No. 2:14-02497

<u>Western District of Missouri</u>

CLAAS, ET AL. v. SYNGENTA CORPORATION, ET AL., C.A. No. 2:14-04267

<u>District of Nebraska</u>

VOLNEK FARMS, INC. v. SYNGENTA CORPORATION, ET AL.,
   C.A. No. 8:14-00305